DANIEL L. FERNALD *vs.* PHINEAS E. GAY & another.

Under *St.* 1844, *c.* 178, § 8, payment of preëxisting debts by an insolvent, having reasonable and sufficient cause to believe himself such, within one year previous to filing his petition, is a bar to a discharge, although the debtor did not thereby intend to defraud.

THIS was an appeal by Daniel L. Fernald, an insolvent debtor, from the decision of a commissioner of insolvency. refusing his discharge.  At the trial in this court, March term, 1852, before *Bigelow*, J., the appellant admitted that on the 17th of January, 1850, he knew he was insolvent and unable to pay his debts in full; and the testimony tended to show that at that time he believed he had sufficient property to pay fifty per cent. of his debts and no more; that he then disposed of all his property, at a fair price for ready money, and with the proceeds paid several creditors fifty per cent. and took a discharge in full; he also offered the appellees the same proportion, but they declined to accept it in discharge of their claim. On the 14th of August, 1850, the appellant applied for the benefit of the insolvent law, having paid away to his creditors and in support of himself and his family, all his estate, and paying no dividend to his creditors.  Upon these facts, the presiding judge was of opinion that the appellant was not entitled to his discharge, but at the request of the appellant, he reported the same for the consideration of the whole court.

*F. W. Sawyer*, for the appellant.

*C. M. Ellis*, for the appellees, was stopped by the court.

SHAW, C. J.  We have no doubt that by the conduct disclosed in this case, the appellant has forfeited his right to a discharge under the insolvent laws.  The *St.* of 1844 is very explicit: " No discharge of any debtor under this act, and the aforementioned acts, or any of them, shall be granted, or valid, if the debtor hereafter, when insolvent, shall within one year next before filing of the petition, by or against him, pay or secure, either directly or indirectly, in whole or in part, any borrowed money or preëxisting debt, or any liability of his or

for him, if the creditor proves that, at the time of making said payment, or giving said security, the debtor had reasonable and sufficient cause to believe himself insolvent." *St.* 1844, *c.* 178, § 8. Here the appellant knew himself to be insolvent, and made payments in part to some, and offered payment to others, upon the assumption that he had not the means to pay his debts in full, to wit, was insolvent, and that his estate was in process of settlement under the insolvent laws. But it is urged, that in order to have the effect of depriving the debtor of his discharge, such payment in whole or in part must be fraudulent. If this proposition means, that these acts must be done with the dishonest purpose of cheating his creditors, there is no ground for the argument. The law annexes the penalty to the act done, whether it be done with an express intent to cheat his creditors or not. But, in another sense, it is fraudulent; it is a fraud on the insolvent laws. This very act, by annexing penalties to such partial payments, in effect makes them fraudulent; and the obvious purpose of the statute is, to prohibit them, because they would effect a purpose, which the law deems fraudulent, so far as the insolvent laws are concerned. The plain object and policy of the insolvent laws is, to require a debtor, as soon as he has reason to believe himself insolvent, and before he has frittered away his property, by schemes which appear plausible, to put himself and his assets at once into the hands of the law, with a view to two objects : one is to make an equal distribution amongst all his creditors ; the other, to pay every creditor as large a part of his whole debt as the means of the debtor will allow, under the direction and management of officers and agents, who are capable of executing a trust, and responsible for the faithful performance of their duties

*Discharge not granted.*